UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Samantha Croymans, *on behalf of herself and all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>Receive Revenue Recovery, a/k/a SSI Group, LLC,<br><br>Defendant. | Civil Action No: 1:19-cv-2531<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiff SAMANTAH CROYMANS ("Plaintiff"), by Plaintiff's attorneys, brings this class action to challenge the actions of Defendant RECEIVE REVENUE RECOVERY

1

A/K/A SSI, GROUP, LLC ("Defendant") with regard to attempts by Defendant, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Indiana.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under 28 U.S.C § 1331 and pursuant to 15 U.S.C. § 1692k(d).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

10. The Plaintiff resides in this Judicial District.

## PARTIES

11. The Plaintiff, Samantha Croymans ("Plaintiff"), is a natural person who resides in Noblesville, Indiana, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

12. The Defendant, Receive Revenue Recovery, a/k/a SSI Group, LLC (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 1251 N. Eddy Street, Suite 201, South Bend, IN 46617, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

13. The Defendant is a debt collection agency and/or debt purchaser and is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff is an individual residing within the State of Indiana.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of Indiana.

17. The Defendant is a debt collection agency attempting to collect a debt from the Plaintiff.

18. Prior to 2019 Plaintiff allegedly incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt allegedly owed by Plaintiff to Defendant went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. At all times relevant, Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained Sawin & Shea, LLC for legal representation regarding the Plaintiff's alleged debts.

26. On or around June 22, 2018, the Defendant mailed a dunning letter to Ms. Croymans in an attempt to collect a debt allegedly owed by Plaintiff to Defendant. *See Exhibit "2" attached hereto.*

27. The June 22, 2018, dunning letter sent by the Defendant stated, "Because of interest, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection." *See Exhibit "2" attached hereto.*

28. The June 22, 2018, dunning letter goes on to state, "Please contact this office so that arrangements may be made and any further action may be stopped, or send a certified check or money order in the self-addressed envelope provided." *See Exhibit "2" attached hereto.*

29. However, the debt at issue in this matter is not subject to late charges; therefore, the threat of late charges constitutes a violation of the FDCPA. *See* <u>Lox v. CDA, Ltd</u>., 689 F.3d 818,

925 (7th Cir. 2012) (Court of Appeals held that a dunning letter is false and misleading if it implies that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass).

30. Additionally, the dunning letter fails to state how much the late charges are and it fails to state what other charges may apply which constitutes a violation of the FDCPA. *See*, *e.g.*, Boucher v. Finance System of Green Bay, Inc., 880 F.3d 362 (7th Cir. 2017). Finally, the debt at issue in this matter is not subject to any other charges. *See*, Lox, *supra*, and Boucher, *supra*.

31. Thus, the Defendant was misrepresenting the character of the debt. Specifically, the Defendant was misrepresenting that the debt would accrue interest, late charges, and other charges or credits. *See* Lox, *supra*, and Boucher, *supra*.

32. In fact, the Defendant itself has not applied interest, late charges, or other charges or credits to the debt at issue in this matter. *See Exhibit "2" attached hereto*.

33. The Defendant made false threats to the Plaintiff regarding the amount of the alleged debts in an attempt to intimidate her into making payments in violation of the FDCPA.

34. Moreover, violations of the FDCPA, such as those detailed above, which would lead a consumer to alter her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision-making process, are material. *See* Lox, supra, 689 F.3d 818, at 827 (7th Cir. 2012). Indeed, the incentive to pay a debt is greater if the debt collector threatens to impose "late charges and other charges" in addition to interest . . . thus potentially making it more costly for consumer to hold off on payment. *See* Boucher, *supra*, 880 F.3d at 368. Here, Defendant's actions would cause the unsophisticated consumer to

question the true character of the debt, and whether she indeed had the rights that Congress granted her under the FDCPA.

35. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* <u>Gammon vs. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

36. The plaintiff has suffered unnecessary fear and emotional distress believing the Defendant could charge or potentially charge her additional interest, late fees, or other charges that she would not afford to pay.

37. Through this conduct, Defendant violated 15 U.S.C. § 1692d by creating a false sense of urgency by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt.

38. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt.

39. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

40. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by creating a false sense of urgency by threatening to take action that cannot legally be taken or that is not intended to be taken.

41. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiffs' alleged debt.

42. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect on Plaintiff's alleged debt.

## CLASS ALLEGATIONS

43. Plaintiff brings this action on behalf of herself individually, and on behalf of all others similarly situated ("the Class").

44. Plaintiff represents, and is a member of the FDCPA Class, defined as follows:

> (i) all persons with addresses within the United States; (ii) who were sent one or more collection letter(s) by Defendant; (iii) to recover a consumer debt; (iv) that made false threats regarding the amount of the alleged debts; (iv) which was not returned undeliverable by the United States Postal Service; (v) at any time one year prior to the date of the filing of this Action.

45. Defendant and its employees or agents are excluded from the Classes.

46. Plaintiff does not know the exact number of persons in the Classes, but believe them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

47. The joinder of the Classes members is impractical and the disposition of their claims in the Classes action will provide substantial benefits both to the parties and to the court. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

48. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    a. Whether Defendant's letter violated the FDCPA;

    b. Whether members of the Classes are entitled to the remedies under the FDCPA;

    c. Whether members of the Classes are entitled to declaratory relief pursuant to the FDCPA;

    d. Whether members of the Classes are entitled to injunctive relief pursuant to the FDCPA;

    e. Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA; and,

    f. Whether Defendant can satisfy the bona fide error affirmative defense pursuant to the FDCPA.

49. As a person that received at least one written communication from Defendant in violation of FDCPA, Plaintiff is asserting claims that are typical of the Classes.

50. Plaintiff will fairly and adequately protect the interests of the Classes.

51. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

52. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

53. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and/or are $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

54. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to the Classes as a whole.

55. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

56. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

## COUNT ONE

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ.*

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

59. As a result of each and every violation of the FDCPA, Plaintiff, and the putative class members, are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that the Court grant the following:

- That this action be certified as a class action on behalf of the Classes as requested herein;
- That Plaintiff be appointed as representative of the Classes;
- That Plaintiff's counsel be appointed as counsel for the Classes;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- Any and all other relief that this Court deems just and proper.

## **JURY DEMAND**

60. The Plaintiff demands a trial by jury of all issues to triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 21, 2019

Respectfully Submitted,

By: /s/Richard J. Shea

Richard J. Shea, Esq., # 21396-53
Sawin & Shea, LLC.
Attorneys for Plaintiff
6100 N. Keystone Avenue, Suite 620
Indianapolis, IN 46220
Telephone: (317) 255-2600
Facsimile: (317) 255-2905
E-mail: rshea@sawinlaw.com